**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ISAAC GRANT KHALLOUF, | : | Civil No. 1:20-cv-0241 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAMP HILL PRISON, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a motion to dismiss Plaintiff Isaac Grant Khallouf's

complaint filed by Defendants Camp Hill Prison, Captain Kyle, and Lieutenant

Tabayas.  (Doc. 16.)  Defendants argue that Plaintiff's complaint must be

dismissed because he failed to exhaust his administrative remedies before filing

this action, and Plaintiff agrees.  For the following reasons, the court grants

Defendants' motion and dismisses this action without prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 2020, Khallouf, an inmate presently confined at the

Smithfield State Correctional Institution, Huntingdon, Pennsylvania, filed the

above captioned civil rights action, pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  The

named Defendants are Camp Hill Prison, and Correctional Officers Kyle and

Tabayas.  (*Id.*)  Khallouf complains of an incident which occurred at his prior place

of confinement, the State Correctional Institution, Camp Hill, Pennsylvania. (*Id*.) Specifically, he claims that after refusing to provide the name of a correctional officer who allegedly made racist remarks, Defendant Kyle pushed Khallouf and prevented him from utilizing his "Vagus Nerve Stimulator," which is a life-saving medical device according to Khallouf. (*Id*.) Khallouf alleges that Defendant Tabayas was present for this incident. (*Id*.) Plaintiff seeks $500,000 in damages, claiming a violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*Id*.)

By order dated March 2, 2020, Khallouf's complaint was served on the Defendants named therein. (Doc. 11.) On May 1, 2020, Defendants filed a motion to dismiss Khallouf's complaint, arguing that Khallouf failed to exhaust administrative remedies prior to filing the instant action. (Doc. 16.) By order dated May 27, 2020, this court notified the parties that it would be considering exhaustion and gave the parties the opportunity to be heard under *Small v. Camden Cty.*, 728 F.3d 265 (3d Cir. 2013). (Doc. 18.) On June 5, 2020, Defendants filed a supplement to their motion to dismiss. (Doc. 19.) In response to this court's order, Khallouf served Defendants with a motion to withdraw his complaint. (Doc. 20.) By order dated June 11, 2020, the court directed Khallouf to indicate, on the record, his intention to withdraw the above captioned action. (*Id*.) On June 24, 2020, Khallouf filed a response to Defendants' supplemental motion to dismiss and

a request to withdraw his complaint without prejudice; conceding that he, in fact, had failed to exhaust administrative remedies prior to filing the instant action. (Doc. 21.)  For the reasons that follow, the court will grant Defendant's motion and dismiss the Plaintiff's complaint without prejudice.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).

"Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

# DISCUSSION

The PLRA unequivocally provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any ... correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006) (holding that the PLRA's exhaustion requirement is mandatory).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) of the PLRA applies to all actions regarding prisons conditions, including Section 1983 actions and actions brought pursuant to any other federal law.  "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id*.  Accordingly, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  The exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered by the administrative procedures."  *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000) (explaining that "the PLRA amended §

4

1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires").

"Because of the important policies fostered by this exhaustion requirement, it has been held that there is no futility exception to § 1997e's exhaustion requirement." *Washington-El v. Collins*, 2016 WL 5338709, at *5 (M.D. Pa. June 21, 2016), report and recommendation adopted, 2016 WL 5339733 (M.D. Pa. Sept. 22, 2016). "Instead, courts have typically required across-the-board administrative exhaustion by inmate plaintiffs who seek to pursue claims in federal court." *Id.* Additionally, the PLRA strictly requires exhaustion prior to the filing of his complaint. *See Ahmed v. Dragovich*, 297 F.3d 201, 209, n. 9 (3d. Cir. 2002); *see also Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d. Cir. 2006) ("[T]here appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court").

In the instant case, Khallouf concedes that he did not exhaust his administrative remedies prior to filing the instant action. (Doc. 21.) Specifically, Khallouf states that he is "still awaiting responses to his efforts" and "believes that he must now investigate further why he has not received responses to his further administrative actions and he must discover these things before he can properly

pursue any civil action for relief." (*Id.*)  Consequently, Khallouf 'concedes that this action should be dismissed on the grounds asserted by the Defendants" and "requests this Honorable Court to grant him leave to withdraw the complaint giving rise to these matters without prejudice, until such time, as a prisoner as defined under the PLRA, he has completely exhausted his administrative remedies as required under the PLRA, with the assurance that Plaintiff will not refile any complaint until he knows he has satisfied all of the requirements of the PLRA." (*Id.*)  In light of Khallouf's agreement, this court will grant the Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the court will grant the Defendants' motion and Plaintiff's action will be dismissed without prejudice.  Because Plaintiff's complaint is procedurally premature under 42 U.S.C. § 1997e(a), the court certifies that, any appeal taken from the court's decision herein, will be deemed frivolous, and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 6, 2020